**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY Case No.: 24-41605
Chapter 12

Nathan LuVerne Norby,

Debtor.

## SETTLEMENT AGREEMENT

In consideration of the covenants and provisions contained herein and other good and valuable consideration, Nathan LuVerne Norby ("**Debtor**"), and Nicole Norby ("**Nicole**") have entered into this Settlement Agreement ("**Agreement**") resolving issues raised in a motion filed by Nicole and Debtor's treatment of Nicole's claim in his yet-to-be-filed Chapter 12 plan.[1]

WHEREAS, the bankruptcy case of the Debtor was commenced on June 20, 2024.

WHEREAS, Nicole has filed proof of claim 9 in this bankruptcy case (the "**POC**").

WHEREAS, prior to the commencement of this case, Debtor became indebted to Nicole through a settlement in the parties' marital termination proceedings (Swift County Court File No. 76-FA-23-206) (the "**Divorce Proceedings**").

WHEREAS, on or about December 29, 2023, a "Combined Marital Termination Agreement and Stipulated Findings of Fact, Conclusions of Law, Order for Judgment, Judgment and Decree of Dissolution of Marriage" ("**Decree**") was entered in the Divorce Proceeding. The Decree, the result of a stipulation between the parties, awarded all of the marital real estate assets to the Debtor subject to a marital lien in favor of Nicole in the amount of $2,076,606.26, less cash rent paid to Nicole.

[1] Debtor's initial Chapter 12 plan was consensually withdrawn.



9818662v1

WHEREAS, at the request of Nicole, due to an alleged default, the Swift County Court appointed Brandon Zumwalt as a receiver (the "**Receiver**") for the purpose of marketing and selling the real estate so as to effect the judgment on May 3, 2024, through an Order on Motion to Enforce Judgment and Decree and Order for Judgment.

WHEREAS, the Debtor commenced his Chapter 12 bankruptcy case before a parcel was sold by the Receiver.

WHEREAS, Glenwood State Bank ("**GSB**") possesses liens on most of Debtor's assets and GSB has filed a proof of claim claiming a balance due of $1,805,234.24.

WHEREAS, Nicole filed a motion a motion for relief from the automatic stay and other relief (Doc. 20) (the "**Motion**") to which Debtor filed an objection (Doc. 21), which the Court has set on for an evidentiary hearing.

WHEREAS, the parties have mediated with each the Chapter 12 trustee and the Hon. Katherine Constantine.

WHEREAS, this Agreement is intended to resolve each the Motion and the treatment of Nicole's claims in Debtor's Chapter 12 plan.

NOW THEREFORE, the undersigned hereby stipulate and agree as follows:

1. Debtor shall pay Nicole the sum of $2,047,595.56 with three percent (3%) interest starting January 1, 2025 and escalating a half percent (.5%) per year thereafter until Nicole is paid in full. The payment schedule shall be:

   a. Year 1 **– Described below**.
   b. Year 2 - $200,000 12/31/25
   c. Year 3 - $200,000 12/31/26
   d. Year 4 - $200,000 12/31/27

e. Year 5 - $200,000 12/31/28

f. Year 6 - $200,000 12/31/29

g. Year 7 – Balloon for full amount on 12/29/30.

2. The Year 1 payment of $250,000.00 shall be achieved as follows:

a. $17,000.00 currently held by Willmar Quality Title due as soon as the funds can be made available but will be received by end of 2024 regardless of the source.

b. $20,000.00 based on the sale of a Chevrolet vehicle (or otherwise) as soon as the funds are available but in no event later than the end of 2024.

c. Payments of $4,000.00 per month, due on the 1st of each month starting January 1, 2025, and continuing until such time as the $250,000.00 plus 3% interest is paid to Nicole.

d. If the Debtor receives PPE funds or money for his prevent plant claim those funds will be dedicated to Debtor's Year 1 obligation and paid as soon as is practicable to Nicole. Debtor agrees to use his best efforts and to act diligently to obtain the PPE funds.

e. If Debtor has not satisfied his Year 1 obligations to Nicole by June 1, 2025, he will sell the 23-acre parcel legally described as:

> That part of the South Half of the Northwest Quarter (S1/2-NW1/4) of Section 15, Township 120, Range 40, Swift County, Minnesota lying Northerly and Easterly of the center of the Chippewa River. Subject to easements of record.

f. and dedicate those funds to his Year 1 obligation. Nicole will be paid the proceeds upon closing of the sale to be applied to the balance of Debtor's Year 1 obligation as detailed herein. The sale of the parcel shall not be for less than its fair market value and the parties agree that $130,000.00 is presumptively the parcel's fair

market value. If this provision comes into effect, the parcel shall be listed by June 2, 2025. Debtor shall not interfere with efforts to affect a sale of the parcel.

g. If after the 23 acres are sold and the proceeds applied to any remaining balance of Debtor's Year 1 obligation, the unpaid balance of the Year 1 obligation will be added to the Year 2 obligation. Once the Year 1 obligation is satisfied by the sale of said parcel or otherwise, Debtor shall retain control of the proceeds.

h. Debtor shall act in good faith to expedite payment of the Year 1 obligation to Nicole.

3. If Debtor defaults as to any obligation owed to Nicole per this Agreement which remains uncured after thirty (30) days' written notice to Debtor and his counsel, Nicole is entitled to relief from the automatic stay which may be obtained by the filing of a declaration noting the default with the U.S. Bankruptcy Court. Should Nicole obtain relief from the automatic stay, the now-stayed Divorce Proceedings shall again have jurisdiction over the claims asserted by Nicole and the property involved in those claims and the Receiver shall be reinstated. The Debtor may contest whether he is in default and any such contest may be expedited in nature.

4. This Agreement shall be construed under the laws of the State of Minnesota and the parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms and provisions of the Agreement.

5. Nothing contained in this agreement shall alter or diminish the rights of Nicole other than to the extent of payment received.

6. The terms of this Agreement shall be carried forward to Debtor's Chapter 12 plan. The terms of this Agreement may not be altered by Debtor's Chapter 12 plan unless the parties agree otherwise.

7. Until his obligations to Nicole are satisfied per this Agreement or the Decree, Debtor shall remain current with each GSB and his real estate tax obligations.

8. There is no agreement between the parties regarding payment of attorneys' fees, such lack of agreement does not limit the state court's jurisdiction to authorize attorneys' fees in the underlying Divorce Proceeding pursuant to state law in the event that the stay is lifted. Any sale of real property presently titled to the Debtor upon which Nicole has a marital lien shall honor said lien to the extent of its priority.

9. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives.

10. This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

11. This Court shall retain jurisdiction over disputes related to this Agreement.

**THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.**

Dated: 11-20-2024

Nathan Luverne Norby

Dated: 11/20/24

Nicole Norby



9818662v1