UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 12 Case |
| Nathan Luverne Norby, Debtor. | Case No. 24-41605 |

---

**MODIFIED CHAPTER 12 PLAN**

---

**ARTICLE I**
SUMMARY OF THE PLAN

This plan shall continue for a period of 60 months from its effective date. The property of the Debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

**ARTICLE II**
DEFINITIONS

1. "Creditors" means all entities having a claim against the debtor.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtor.
3. "Claim" means a debt that is owed by the Debtor.
4. "Effective Date" means the date on which this plan is signed by all relevant parties.
5. "Trustee" means the Chapter 12 Trustee.

**ARTICLE III**
CLASSIFICATION OF CLAIMS

CLASS 1 Costs of Administration

CLASS 2 Secured Claims

A. Glenwood State Bank
B. Nicole Norby
C. USDA – Commodity Credit Corporation

D. CNH Industrial Capital America LLC

CLASS 3 Priority Unsecured Claims

CLASS 4 General Unsecured Claims

CLASS 5 Executory Contracts and Leases

## ARTICLE IV
TREATMENT OF CLAIMS AND INTEREST

CLASS 1 - Costs of Administration

Class 1 includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court.

**A.** Attorney's Fees – Attorney's Fees will be paid after court approval to Debtor's attorneys, Stermer & Sellner, Chtd., 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265.

**B.** Trustee's Fees - The Chapter 12 Trustee shall make application to the Court for approval of Trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The Debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtor if specified in the Plan.**

CLASS 2 – Secured Claims

Class 1 consists of the following secured claims:

**A. Glenwood State Bank**

Glenwood State Bank ("GSB")'s claim shall be treated pursuant to the terms of the Stipulation between the parties (Dock. # 78). The Debtor owes GSB $1,951,068.40. This includes GSB's post-petition interest, attorney's fees, and costs allowed under 11 U.S.C. § 506(b). GSB has a blanket lien on Debtor's personal farm property, including but not limited to, farm products, accounts, general intangibles,

machinery, equipment, government agricultural program payments, inventory, chattel paper and pre-petition grain proceeds. GSB also has a first-position mortgage against Debtors' real property. The GSB debt shall be secured by the same pre-petition collateral until such time that said debt has been repaid in full.

If the Debtor defaults under this plan with respect to treatment for the secured claim of GSB and such default is not cured within 30 days from the date written notice of the same is provided by GSB to the Debtor, GSB may submit an Affidavit of Default to the United States Bankruptcy Court for the District of Minnesota stating the nature of the default and requesting that the Court issue an order terminating or otherwise modifying the automatic stay with respect to GSB's secured collateral, with the exception of any default under subsection 10(e)(iii) of the stipulation (Dock. #78) The Debtor will not oppose or object to that request, except that he may contest whether or not he is actually in default. Upon any order from the Court terminating or modifying the automatic stay, GSB may proceed with any actions to foreclose against, recover and liquidate any collateral pursuant to state law.

**1. Equipment Loan.**

$205,234.24 of Debtor's indebtedness, due and owing to GSB shall be designated as the "Equipment Loan" referred to herein and subject to the repayment provisions referred to herein. This loan shall be secured by the Debtor's equipment and cross-collateralized with Debtor's real estate. The Equipment Loan shall have an interest rate of 7.0% for the life of the loan. The interest shall be amortized over 7 years. Payments under this loan shall be $38,100.00 per year, which shall be made outside of the plan, with the first payment being within 10 days of plan confirmation. This loan may be pre-paid in-full or in-part at any time without penalty.

**2. Real Estate Loan.**

GSB shall retain a mortgage lien in the principal amount of approximately $1,951,068.40. However, from the date of confirmation, Debtor shall make payments on a loan in the total approximate amount of $1,745,843.16 which shall be designated as the "Real Estate Loan" referred to herein and subject to the repayment provisions referred to herein. Upon plan confirmation, the GSB will filed an amended proof of claim with the amount of the Secured Claim as of the plan confirmation date. . Interest on this loan shall be 7.0% for the life of the loan. This interest shall be amortized over 30 years, with yearly payments of approximately $140,691.22, with the first yearly payment due on December 31, 2025. This loan shall balloon in 7 years. These yearly payments on the Real Estate Loan shall be made outside of the plan and in addition to the annual payments on the Equipment Loan identified above. This loan may be pre-paid in-full or in-part at any time without penalty. Debtor contemplates farming the mortgaged real estate properties and may not lease any of the mortgaged real estate without consent from GSB.

Pursuant to the terms in the parties' stipulation under subsection 10(e)(iv) (Dock. #78) if Debtor sells any real estate collateral for over $300,000.00, then that payment will count as the yearly annual payment the Real Estate Loan shall be re-amortized based on the new indebtedness after the payment.

**B. Nicole Norby**

The Debtor owes Nicole Norby approximately $2,047,595.56. Nicole Norby has a second-position martial lien against Debtor's real property. The marital lien shall be secured by the same collateral until such time that said debt has been repaid in full. Nicole Norby's claim shall be treated pursuant to the terms of the Stipulation between the parties (Dock. # 61) and approved by the Court (Dock. # 22). Nicole Norby shall receive a payment of $250,000.00 pursuant to the terms of the afore-mentioned stipulation. Remaining payments shall be $200,000.00 and have an interest rate of 3% (which shall increase .5% per year thereafter) for the next six years. This lien shall balloon after 7 years and any remaining balance shall be paid one year on the 7th payment. Debtor may prepay the claims in whole or in part at any time.

**C. USDA – Commodity Credit Corporation**

The Debtor owes USDA – Commodity Credit Corporation ("CCC") approximately $185,610.81, which is secured by Debtor's 2023 grain crops. Debtor scheduled the grain crops with a value of $331,817.76. Debtor will continue to make payments pursuant to the original agreement with CCC outside of the plan.

**D. CNH Industrial Capital America LLC**

The Debtor owes CNH Industrial Capital America LLC ("CNH") approximately $76,879.66, which is secured by Debtor's combine. CNH believes the value of the combine is approximately $97,689.00. Debtor will continue to make payments pursuant to the original loan agreement with CNH outside of the plan.

<u>CLASS 3 – Priority Unsecured Claims</u>

Class 3 consists of all claims entitled to priority under § 507, including the following: none known at this time, though there might be some capital gains on the sale of Debtor's lake cabin in May of 2024. If such a debt arises, it will be paid outside the plan.

<u>CLASS 4 – Unsecured Claims</u>

Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtor is the principal, and claims for taxes and penalties which are not included in any other Class. Any priority claims shall be paid prior to

payment of non-priority, general unsecured claims. Payments made to the non-priority unsecured creditors shall be disbursed by the Trustee pro-rata based on the amount of filed and allowed claims existing on the date of disbursement. The Trustee will hold all funds payable to this class until the end of the case, at which time the Trustee will disburse all funds on hand.

Claim 12 (Farm Credit Leasing Services Corp.) is actually a lease and their plan treatment is handled in Class 5A and claim 11 (Glenwood State Bank) is also secured and their plan treatment is handled in Class 2A – these claims are not included in Class 4 – Unsecured Claims. The total amount of currently filed and allowed non-priority unsecured claims in Debtor's case is $244,987.15. This number is subject to increase, pursuant to 11 U.S.C. § 1232. Debtor will pay allowed non-priority unsecured claims, in the total approximate amount of $244,987.15, over the five-year term of the plan. In the event claims under this class increase, the Debtors shall pay the unsecured creditors at least an amount equal to the amount required in the liquidation analysis set forth in Exhibit A ($309,538.08) or the full amount of unsecured claims, whichever is lower. Debtor shall pay Trustee $51,447.30 per year, which includes Trustee's fees. . . The administrative expenses to the Trustee, will be based upon court approval. Payments shall be made by December 31 of each year or earlier. In the event Debtor receives any payout on his potential malpractice claim against Fluegel, Anderson, McLaughlin & Brutlag, Chartered or Robert Dalager, these funds shall be paid to the Trustee and will be added to the $309,538.08 liquidation figure.. In the event there is a surplus after all allowed unsecured claims have been paid in full, that surplus shall be paid to Nicole Norby and applied to any payments and the overall debt. The amounts listed in the subsequent charts are representative for budget purposes only

| | |
|---|---|
| 2025 Total Payment to Trustee | $51,447.30 |
| | |
| Trustee Fees | $2,449.87 |
| Unsecured Creditors | $48,997.43 |

| | |
|---|---|
| 2026 Total Payment to Trustee | $51,447 |
| | |
| Trustee Fees | $2,449.87 |
| Unsecured Creditors | $48,997.43 |

| | |
|---|---|
| 2027 Total Payment to Trustee | $51,447 |
| | |
| Trustee Fees | $2,449.87 |
| Unsecured Creditors | $48,997.43 |

| | |
|---|---|
| 2028 Total Payment to Trustee | $51,447 |
| | |

| | |
|---|---|
| Trustee Fees | $2,449.87 |
| Unsecured Creditors | $48,997.43 |

| | |
|---|---|
| 2029 Total Payment to Trustee | $51,447.31 |
| | |
| Trustee Fees | $2,449.88 |
| Unsecured Creditors | $48,997.43 |

CLASS 5 – Executory Contracts and Leases

Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

A. Farm Credit Leasing Services – For a 350 Quad Track for $18,600.00 per year, upon expiration of the lease in September of 2025 the residual payment on the lease shall be renewed for another 3-year period with annual payments.
B. Fagen Land LLC – 152 acres for $300.00 per acre.
C. Fjordbak Sister – 70.1 acres for $200.00 per acre.
D. Nicole Norby – 145.98 acres for $215.00 per acre.
E. Aaron and Justin Saunders – Receiver sold 68.5 acres for $550,00.00, as part of this sale Aaron and Justin Saunders were able to lease the land for $20,000.00. Debtor assumes the lease of the 68.5 for $20,000.00 for 2024, Debtor otherwise rejects the uncompleted sale of the 68.5 acres.

## **ARTICLE V**
## CONTINUATION OF FARMING OPERATION

The Debtor propose to continue his farm operation and reorganize his debts to help with clarify payments to secured creditors. Debtor shall defer from the income and proceeds of said operation sums of money for reasonable and necessary farm expenditures. Such expenses would include the ordinary, reasonable expenses that are set forth in the exhibits attached hereto, including payments to creditors outside of the plan and reasonable capital improvements, including machinery, equipment, and livestock. Debtor's projections of income, operating expenses, and payments are attached as Exhibit B.

The However, it is understood that any significant purchases that require new debt to be incurred will need court approval. As part of the continuing farm operation, Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. All disposable income as defined by 11 U.S.C § 1225(b)(2) received during the term of the plan will be applied to make payments under the plan.

**ARTICLE VI**
LIVING EXPENSES

Debtor's projection of living expenses is $30,000 per year starting in 2024. The Debtor shall limit his annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

**ARTICLE VII**
DISPOSABLE INCOME

The Debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that he may have disposable income annually in the minimum amount of **$55,000.00**. For the term of this Plan, all of the Debtor's disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income according the charts above (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtor and his dependents) for 5 years following the effective date, shall be submitted to the Trustee for distribution in accordance with to unsecured creditors . All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

**ARTICLE VIII**
LIQUIDATION ANALYSIS

After deducting the amounts of the secured claims, exemptions, liquidation costs the Debtor believes the net equity in his property is **$309,538.08.** The priority unsecured class (but not including attorney's fees and Trustee's fees) and non-priority unsecured class of claims shall receive, in total, a minimum distribution of **$309,538.08** or payment in full of allowed claims, whichever is less. The Liquidation Analysis is attached as Exhibit A.

**ARTICLE IX**
POST-PETITION GOVERNMENT TAX CLAIMS

Pursuant to 11 U.S.C. §1232(a), the claims of the IRS and the Minnesota Department of Revenue arising after the filing of the petition in this case and prior to the discharge as a result of the sale, transfer, exchange, or other disposition of property used in Debtor's farming operation shall be discharged and treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e. part of Class 4. If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and service a notice of the claim on the IRS and the Minnesota Department of Revenue in accordance with 11 U.S.C. § 1232(d)(2) and to the extent that the IRS, Minnesota Department of Revenue, or the trustee timely files a proof of claim pursuant to 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and

the Minnesota Department of Revenue as general unsecured creditors.

**ARTICLE X**
EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtor proposes to continue their farming operations and make the plan payments out of farm or other income. The debtor's projection of income, operating expenses, and plan payments are attached as Exhibit B.

**ARTICLE XI**
RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this Plan shall retain his liens on the collateral securing their respective claims as specified in the Plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This Plan and the Order confirming the Plan may be recorded in the Office of the Register of Deeds of each county.

**ARTICLE XI**
GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the Debtor and his property for the term of the Plan.
2. As part of the continuing farm operation, the Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The Debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

Dated: June 3, 2025

STERMER & SELLNER, CHTD.

Krystal M. Lynne

Krystal M. Lynne Atty ID #0392816
Attorney for Debtor
102 Parkway Drive, P.O. Box 514
Montevideo, MN 56265
Telephone: (320) 269-6491
E-mail: klynne@stermerlaw.com

Dated: June 3, 2025

Nathan D. Norby

Nathan Norby

# EXHIBIT A

# LIQUIDATION ANALYSIS

NATHAN NORBY

| Asset | Value | Lien | 2nd Lien | Exemption | NE Value |
|---|---|---|---|---|---|
| Real Property | | | | | |
| Prop. ID 18-0053-000 | $979,200.00 | GSB - $305,000.00 | Ex - $674,200.00 | $979,200.00 | $0.00 |
| Prop. ID 18-0049-000 | $103,200.00 | GSB - $103,200.00 | | | $0.00 |
| Prop. ID 18-0054-000 | $53,400.00 | GSB - $53,400.00 | | | $0.00 |
| Prop. ID 18-0050-000 | $244,100.00 | GSB - $244,100.00 | | | $0.00 |
| Prop. ID 18-0079-000 | $726,500.00 | GSB - $726,500.00 | | | $0.00 |
| Prop. ID 18-0087-000 | $1,193,500.00 | Ex - $1,193,500.00 | | | $0.00 |
| | | | | | |
| Chattel/Farming | | | | | |
| Equipment List 49.1 | $144,703.00 | GSB - $144,703.00 | | | $0.00 |
| Equipment 49.2 | $93,000.00 | GSB - $93,000.00 | | $13,000.00 | $0.00 |
| Valu Lowboy Trailer | $5,000.00 | | | | $5,000.00 |
| 2 Timpte Trailers | $20,000.00 | | | | $20,000.00 |
| End Dump Semi Trailer | $5,000.00 | | | | $5,000.00 |
| M6 Arctic Cat | $500.00 | | | | $500.00 |
| Office Equipment | $750.00 | | | | $750.00 |
| Corn | $331,817.76 | CCC - $190,000.00 | GSB - $141,817.76 | | $0.00 |
| CNH 9230 Combine | $98,000.00 | CNH - $76,879.66 | | | $21,120.34 |
| 350 Quad Track | $250,000.00 | FCLS - $73,500.00 | | | $176,500.00 |
| Fuel and Oil | $7,410.00 | | | | $7,410.00 |
| | | | | | |
| Vehicles | | | | | |
| 1980 Chevy ½ Ton | $500.00 | | | | $500.00 |
| 1990 Peterbuilt Semi | $6,000.00 | | | | $6,000.00 |
| 1995 Int. Semi | $6,000.00 | | | | $6,000.00 |
| 1990 Peterbuilt 375 | $6,000.00 | | | | $6,000.00 |
| 2008 Ford 550 | $5,000.00 | | | | $5,000.00 |
| 2003 Chevy Silverado | $1,500.00 | | | | $1,500.00 |
| 2013 GMC Sierra | $10,000.00 | | | | $10,000.00 |
| 2017 Chevy ½ Ton | $10,000.00 | | | $5,200.00 | $4,800.00 |
| 2010 Harley Knock 4 | $7,500.00 | | | | $7,500.00 |
| 2004 Grand Prix | $500.00 | | | | $500.00 |
| 1985 Chevy Silverado | $2,000.00 | | | | $2,000.00 |
| | | | | | |
| Household/Misc. | | | | | |
| Household Goods | $5,000.00 | | | $5,000.00 | $0.00 |
| Electronics | $500.00 | | | $500.00 | $0.00 |
| Misc. Clothing | $500.00 | | | $500.00 | $0.00 |
| PA System and Guitars | $30,000.00 | | | | $30,000.00 |
| Kayak | $100.00 | | | | $100.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1 Dogs | $1.00 | | | | $1.00 |
| Cash | $250.00 | | | $187.50 | $62.50 |
| GSB Checking Acct | $25.00 | | | | $25.00 |
| GSB Seed Acct | $25.00 | | | | $25.00 |
| FSB Checking Acct | $180,000.00 | | | | $0.00 |
| 2005 Hurricane Boat | $10,000.00 | | | | $10,000.00 |
| 401 K | $150,000.00 | | | $150,000.00 | $0.00 |
| RRB Pension | unknown | | | All | $0.00 |
| Henderson Debt | $3,690.00 | | | | $3,690.00 |
| Whole Life Policy | $5,000.00 | | | $5,000.00 | $0.00 |
| Potential malpractice | unknown | | | | |
| Glacial Plain Coop | $31,351.00 | | | | $31,351.00 |
| WCC | $500.00 | | | | $500.00 |
| Agralite Elec. Coop | $2,208.97 | | | | $2,208.97 |
| Agralite Elec. Coop Check | $171.58 | | | | $171.58 |
| | | | | | |
| **Total NE Assets** | | | | | **$364,215.39** |
| Liquidation | | | | | |
| Chapter 7 Tr Fees | -$21,460.77 | | | | |
| Liquidation Costs | -$54,632.31 | | | | |
| | | | | | **$309,583.08** |

**EXHIBIT B**

CASH FLOW ANALYSIS

**Projected Income**

| | 2025 | 2026 | 2027 | 2028 | 2029 |
|---|---|---|---|---|---|
| Income Source | | | | | |
| Carryover | $250,000.00 | $202,482.00 | $142,514.00 | $82,546.00 | $22,578.00 |
| Crops | $490,450.00 | $510,000.00 | $510,000.00 | $510,000.00 | $510,000.00 |
| Land Rent | $17,000.00 | | | | |
| Custom Work | $100,000.00 | $100,000.00 | $100,000.00 | $100,000.00 | $100,000.00 |
| Gov. Payments | $220,000.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other Farm Income | $91,000.00 | $64,000.00 | $64,000.00 | $64,000.00 | $64,000.00 |
| Non-farm Income | $52,000.00 | $52,000.00 | $52,000.00 | $52,000.00 | $52,000.00 |
| **Total Est.** | **$1,220,450.00** | **$928,482.00** | **$868,514.00** | **$808,546.00** | **$748,578.00** |

**Estimated Expenses**

| Expense | Amount | | | | |
|---|---|---|---|---|---|
| | 2025 | 2026 | 2027 | 2028 | 2029 |
| Fuel | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 |
| Seed | $40,390.00 | $40,390.00 | $40,390.00 | $40,390.00 | $40,390.00 |
| Feed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Fertilizer | $80,780.00 | $80,780.00 | $80,780.00 | $80,780.00 | $80,780.00 |
| Chemicals | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 |
| Equipment Rental | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Electric & Phone | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Repairs | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Crop Insurance | $17,310.00 | $17,310.00 | $17,310.00 | $17,310.00 | $17,310.00 |
| Other Insurance | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 |
| Real Estate Taxes | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 |
| Cash Rent | $59,620.00 | $59,620.00 | $59,620.00 | $59,620.00 | $59,620.00 |
| Hired Labor | $1,917.00 | $1,917.00 | $1,917.00 | $1,917.00 | $1,917.00 |
| Machine Hire | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Drying | $2,885.00 | $2,885.00 | $2,885.00 | $2,885.00 | $2,885.00 |
| Misc. | $225.00 | $225.00 | $225.00 | $225.00 | $225.00 |
| Total Est. Expenses | **$286,732.00** | **$286,732.00** | **$286,732.00** | **$286,732.00** | **$286,732.00** |
| | | | | | |
| GSB Loans | $178,800.00 | $178,800.00 | $178,800.00 | $178,800.00 | $178,800.00 |
| Mach. Lease | $18,600.00 | $18,600.00 | $18,600.00 | $18,600.00 | |
| CNH | $16,836.00 | $16,836.00 | $16,836.00 | $16,836.00 | |
| Nicole Norby | $450,000.00 | $200,000.00 | $200,000.00 | $200,000.00 | $200,000.00 |
| | | | | | |
| Total Sec. Loans | **$646,236.00** | **$414,236.00** | **$414,236.00** | **$414,236.00** | **$378,800.00** |
| | | | | | |
| Living Expenses | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| | | | | | |
| Trustee Payment | $55,000.00 | $55,000.00 | $55,000.00 | $55,000.00 | $45,000.00 |
| | | | | | |
| Net Disposable | $202,482.00 | $142,514.00 | $82,546.00 | $22,578.00 | $8,046.00 |